UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KENNETH W. HATLEN,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>GREG COX, et al,<br><br>　　　　　　　　　Defendants. | Case No. 3:12-cv-00384-MMD-WGC<br><br>ORDER |

　　　　Plaintiff, a state inmate, has filed an application to proceed *in forma pauperis* (dkt. no. 1) seeking to initiate a civil rights action. The papers presented are deficient.

　　　　First, the pauper application is incomplete. Both a financial certificate properly executed by an appropriate institutional officer and a statement of the plaintiff's inmate trust fund account for the past six months are required by 28 U.S.C. § 1915(a)(2) and Local Rule LSR1-2. Plaintiff attached only his inmate trust fund account statement. He did not attach a financial certificate properly executed by an appropriate officer, the form for which is on page 4 of the required pauper form. Plaintiff must attach both to submit a properly completed pauper application and thereby properly commence an action.[1]

---

[1] Plaintiff urges in his accompanying motion that the inmate account statement is being "intentionally produced to fraudulently deceive" the Court because it purportedly refers to a balance of almost $19,000 in a month. Plaintiff is mistaken. The portion of the statement in question adds the daily balance on each day of a month together and then divides by the number of days in the month to produce an average monthly balance for that month. For example, from January 7, 2012, through February 6, 2012, plaintiff's total daily balances – adding the balance on each day together – totaled $18,077.39.
*(fn. cont….)*

Second, the complaint was not submitted on the Court's § 1983 complaint form as required by Local Rule LSR 2-1.  Plaintiff used pages from the beginning and end of the form essentially as cover pages for an otherwise handwritten complaint.  Plaintiff instead must use the complaint form in its entirety to state his claims in their entirety.

Due to the multiple defects presented, this improperly commenced action will be dismissed without prejudice.  It does not appear that a dismissal without prejudice will necessarily result in a promptly filed and properly commenced action being time-barred.[2]

IT IS THEREFORE ORDERED that the application to proceed *in forma pauperis* (dkt. no. 1) is DENIED without prejudice.

IT IS FURTHER ORDERED that this improperly commenced action is DISMISSED without prejudice to the filing of a new complaint on the proper form in a new action together with either the required $350.00 filing fee or a properly completed application to proceed *in forma pauperis* on the proper form and with all required, and new, financial attachments.

IT IS FURTHER ORDERED that the Clerk shall send plaintiff: (a) two copies each of an *in forma pauperis* application form for a prisoner and a § 1983 complaint form; (b) one copy of the instructions for each form; and (c) a copy of the pauper application, the complaint, and the motions submitted.[3]

---

*(…fn. cont.)* Dividing that figure by the 31 days resulted in an average balance of $583.14. Corrections officials are not saying that plaintiff had $18,077.39 in his account during this period, and they are not seeking thereby to intentionally deceive the Court with a fraudulent statement. A false allegation of fraud may subject plaintiff to possible imposition of sanctions

[2] Plaintiff alleges in the handwritten complaint that his civil rights have been neglected since October 23, 2011.  Civil rights actions arising within Nevada are subject to a two-year statute of limitations.

[3] The Court is not directing the Clerk to return plaintiff a copy of the over 1300 pages of exhibits.  The instructions for the complaint form plainly state: "Exhibits should not be submitted with the complaint. Instead, the relevant information contained in an exhibit should be paraphrased in the complaint, and you should keep the exhibit to use to support or oppose a motion for summary judgment or a motion to dismiss." Instructions, ¶ A(7).  The Court does not have the resources to return copies of items that should not have been filed.

1    The Clerk of Court shall enter final judgment, dismissing this action without
2 prejudice.

4    DATED THIS 20th day of July 2012.

                                              _____
                                              UNITED STATES DISTRICT JUDGE