
UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KENNETH W. HATLEN, | Case No. 3:12-cv-00384-MMD-WGC |
| Plaintiff, | |
| v. | ORDER |
| CREG COX, et al. | |
| Defendants. | |

This closed prisoner civil rights action comes before the Court on plaintiff's motion (dkt. no. 5) styled as a "motion to consider." The motion seeks reconsideration, in full or in part, of the Court's order and judgment entered on July 23, 2012, dismissing the action without prejudice. The motion has been filed within the time period for seeking relief under Rule 59 of the Federal Rules of Civil Procedure.

The Court dismissed the action without prejudice because the initial suit papers had multiple deficiencies.

First, plaintiff did not attach with his pauper application the required financial certificate properly executed by an appropriate officer.

Second, plaintiff did not use the required § 1983 complaint form to state his claims. He instead used pages from the beginning and end of the form essentially as cover pages for an otherwise handwritten complaint. The handwritten body of the complaint presented a lengthy but conclusory listing of multiple alleged constitutional

violations, touching on a multitude of different prison conditions and alleged acts and omissions. Plaintiff submitted boxes of exhibits with the complaint, including over 1300 pages and containing, *inter alia*, copies of multiple prison grievances. The Court stated that plaintiff "instead must use the complaint form in its entirety to state his claims in their entirety." Dkt. no. 3, at 2.

The Court dismissed the improperly-commenced civil action without prejudice to the filing of a new complaint on the proper form in a new action with either payment of the filing fee or a properly completed pauper application with all required attachments. The Court expressly noted that it did not appear from the allegations of the complaint that a dismissal without prejudice necessarily would result in a promptly filed and properly commenced action being time barred.

The prior order further directed the Clerk to send plaintiff additional copies of the appropriate forms and instructions as well as a copy of the pauper application, complaint and motions submitted. The Court did not direct the Clerk to return plaintiff a copy of the over 1300 pages of exhibits. The Court noted that the instructions for the complaint form state that exhibits should not be submitted with the complaint. As the prior order reflected, the Court does not have the resources to routinely return copies of voluminous items that should not have been filed in the first instance.

In the present motion, plaintiff seeks reconsideration of the dismissal of the action as well as of the provision of the order not requiring that a copy of the 1300 plus pages of exhibits be sent back to him with the order. He further maintains the he was not provided copies of the forms, instructions, complaint, and motions. However, a docket notation by the Clerk for the order of dismissal reflect that said materials were sent with the dismissal order. Further, an August 1, 2012, internal docket entry reflects a second transmittal of such materials in response to a letter from plaintiff. It thus appears that the only issues remaining on the motion for reconsideration concern the dismissal itself and plaintiff's request for a copy of the 1300 plus pages of exhibits.

Plaintiff maintains that he could not fit all of his claims within the § 1983 complaint form and that the 1300 plus pages represent "claims" rather than exhibits. The complaint form and instructions make allowance for the possible need for more space. The complaint form includes pages for three counts. If a plaintiff needs to include more than three counts, he must copy an otherwise blank complaint-form page for a count, strike out or white out the count number (*i.e.*, I, II or III), and write in the applicable count number (*i.e.*, IV, V, and so on). If plaintiff needs more space to state his claims over and above the page for each count, he may attach up to two additional pages including the additional allegations over and above the pages for each count. If plaintiff needs more space than the additional two pages, he may file with the complaint a motion for leave of court to file a longer than normal complaint. *See Instructions,* ¶ A(1).

What plaintiff may not do under the local rules and the instructions for the complaint form is leave it to the Court to sift through two boxes of 1300 plus pages of exhibits to determine the factual allegations supporting his claims. Plaintiff, again, must use the complaint form, in its entirety, to state his claims, in their entirety, without incorporation of other documents. A *pro se* litigant is not excused from complying with the rules of the court in which he litigates. *See, e.g., Carter v. Commissioner of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986).

The dismissal without prejudice of this improperly-commenced civil action accordingly will stand. The dismissal expressly was without prejudice to plaintiff presenting a new complaint in a properly commenced new action, in a situation where the dismissal would not result in a promptly filed new action being dismissed as time-barred. The substantial defects in plaintiff's suit papers – including the deficiency in his pauper application – must be remedied regardless before his claims and requests for relief may proceed forward. Requiring that he rectify the deficiencies in a new action rather than in this improperly-commenced action does not affect his substantial rights on his claims, which may be adjudicated only after he first properly commences an action.

The Court, however, will grant plaintiff's request for a copy of the 1300 plus pages of exhibits, so as to ensure his ability to prepare a new and properly-completed complaint. Plaintiff now maintains that these are "the 'only' known copies of the 'claims.'" Plaintiff should never send original documents as exhibits to the Court unless expressly directed to do so, and the instructions for the complaint form of course instead direct that exhibits should not be submitted at all with the complaint. Moreover, plaintiff should retain a file copy of all papers that he sends to the Court. If he further wants a file-stamped copy back, he must submit an additional conformed copy to the Clerk with his filing for this purpose.

If originals are tendered for filing, the Court cannot return the originals. If a conformed copy is not sent, the Court generally will not send plaintiff a free copy of his filings. In this instance, the Court will direct the Clerk to send plaintiff a copy of the 1300 plus pages of exhibits to ensure that plaintiff will not be hindered in preparing a new complaint. Plaintiff should not assume that similar relief always will be forthcoming.[1]

Finally, plaintiff maintains that he was denied due process when the Court did not decide the motions that he submitted with the complaint. Plaintiff first must properly commence an action – including in particular either submitting a properly-completed pauper application or paying the filing fee – before any motions will be submitted for decision. He did not properly commence this action, and his motions therefore were not ruled on prior to his properly commencing an action.

IT IS THEREFORE ORDERED that plaintiff's motion (dkt. no. 5) for reconsideration is GRANTED IN PART and DENIED IN PART such that the Court directs the Clerk to send plaintiff a copy of the exhibits filed at 1-4 through 1-16, with all

---

[1] While the Court is not directing that plaintiff pay the charges for these copies, the Court notes that plaintiff had $273.27 in his inmate account per the incomplete financial paperwork that he tendered, with an average monthly balance of $418.68. There is no requirement that the Court fund plaintiff's case-related expenses, and he may not deplete his inmate account on discretionary store purchases and then successfully claim an inability to pay his own litigation expenses.

1  other requests in the motion being denied.  This action has been, and remains, closed
2  by the order and judgment entered on July 23, 2012.
3      DATED THIS 2nd day of August 2012.

_____
UNITED STATES DISTRICT JUDGE